## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PUBLIC CITIZEN,<br> 1600 20th Street NW<br> Washington, DC 20009,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL INSTITUTES OF HEALTH,<br> 9000 Rockville Pike<br> Bethesda, MD 20892,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 19-901 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.     This action is brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel the National Institutes of Health (NIH) to produce records responsive to three FOIA requests.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3.     Plaintiff Public Citizen is a non-profit public-interest organization that works before Congress, regulatory agencies, and the courts to advance the interests of consumers and to educate the public on a wide range of consumer protection issues. In particular, Public Citizen works to promote openness in government and collects and disseminates information related to governmental actions and practices. Public Citizen submitted the FOIA requests at issue in this action.

4.    Defendant NIH is an agency of the United States and has possession of and control over the records that Public Citizen seeks.

## STATEMENT OF FACTS

**NIAAA Request (Case No. 47711)**

5.    On March 28, 2018, Public Citizen submitted a FOIA request to the National Institute on Alcohol Abuse and Alcoholism (NIAAA), an institute of the NIH, for certain records related to communications between the NIAAA and members of the alcohol industry. Specifically, the request sought:

1) All correspondence, including but not limited to emails, memoranda, and letters, since January 1, 2013 between the National Institute on Alcohol Abuse and Alcoholism (NIAAA) Office of the Director and any alcohol company or trade organization, including but not limited to the Distilled Spirits Council, Beer Institute, Wine Institute, Anheuser-Busch InBev, Heineken, Diageo, Pernod Ricard, and Carlsberg.

2) All records, including but not limited to meeting agendas, attendee lists, and minutes, related to any meetings Since January 1, 2013, involving any NIAAA Office of the Director staff and any representatives from any alcohol company or trade organization, including but not limited to those named in paragraph (1) above.

3) All correspondence, including but not limited to emails, memoranda, and letters, sent from or to any NIAAA staff since January 1, 2013 regarding the source of funding for the "Moderate Alcohol and Cardiovascular Health Trial" (cooperative agreement #U10 AA025286), including but not limited to financial donations from any alcohol company or trade organization, including but not limited to those named in paragraph (1) above.

4) All records, including but not limited to meeting agendas, attendee lists, and minutes, related to any meetings since January 1, 2013, involving (a) any NIAAA staff, and (b) a discussion of the source of funding for the "Moderate Alcohol and Cardiovascular Health Trial" (cooperative agreement #U10 AA025286), including but not limited to financial donations from any alcohol company or trade organization, including but not limited to those named in paragraph (1) above.

6.    In its FOIA request, Public Citizen sought a full waiver of fees and explained in support that disclosure of the requested information would be in the public interest and not for commercial use.

7.    On the day that Public Citizen submitted its request, an employee in NIAAA's FOIA office informed Public Citizen that the agency had received similar FOIA requests in the past and offered to give Public Citizen the documents disclosed in response to those requests. Public Citizen agreed to review those documents but asked that its FOIA request also be processed on its own because the request sought a broader group of records than those sought in previous FOIA requests to the agency.

8.    On March 29, 2018, NIAAA sent Public Citizen roughly 2,000 pages of documents previously released in response to other FOIA requests.

9.    Public Citizen reviewed those documents and determined that the previously disclosed documents did not cover the full scope of its FOIA request. After corresponding via email, Public Citizen and NIH agreed on March 29, 2018, that NIH would process Public Citizen's request, with the following modifications:

    a)  NIAAA would exclude from paragraph (1) of the request "all correspondence between Dr. George Koob and any alcohol company or trade organization for the period January 1, 2013 through December 31, 2015."

    b)  Public Citizen would continue to seek "(a) all correspondence between any other NIAAA Office of the Director staff and any alcohol company or trade organization for the period January 1, 2013 through December 31, 2015; and (b) all correspondence since December 31, 2015 between the NIAAA Office of the Director (including correspondence sent to and from Dr. Koob) and any

alcohol company or trade organization."

    c) NIAAA would exclude from paragraphs (2), (3), and (4) of Public Citizen's original FOIA request "(a) the calendars for the NIAAA Director from January 2014 to January 2016; (b) the initial grant application for U10AA025286-01; and (c) the request for collaboration, memorandum of understanding, and associated correspondence with FNIH for the Moderate Alcohol and Cardiovascular Health Trial (MACH15)."

    d) NIAAA would exclude any personal contact information and information about "an illness or family situation in an e-mail thread."

10. On April 3, 2018, NIAAA sent a formal acknowledgment of Public Citizen's request and assigned it Case No. 47711.

11. In its April 3 acknowledgement, NIAAA explained that it was categorizing Public Citizen as an "'other' category requester" for fee purposes. It stated that it was not making a determination about Public Citizen's fee waiver request at that time because it was uncertain whether any applicable fees would exceed its minimum charge of $25.00.

12. On April 25, 2018, NIAAA informed Public Citizen that it had conducted searches and reviewed the results. Based on its findings, the agency stated that it had to conduct follow-up searches and consult with some outside entities regarding certain records. NIAAA stated it hoped to "have at least a significant portion" of the documents "ready by early next week."

13. No documents were disclosed to Public Citizen the next week, or thereafter, in response to the FOIA request.

14. On June 8, 2018, NIAAA notified Public Citizen that it had identified in follow-up searches additional records that required "internal review" for exempt material.

4

15.  On July 11, 2018, NIAAA contacted Public Citizen to ask whether Public Citizen was still interested in the records sought in its request. Public Citizen confirmed that it was. NIAAA responded that it could not offer a precise disclosure timeline but hoped to "have things wrapped up in the next couple of weeks."

16.  On November 1, 2018, Public Citizen emailed NIAAA to inquire about the status of its request. The agency's FOIA coordinator responded the same day that the agency would "aim to complete production before the end of the year."

17.  On March 20, 2019, Public Citizen emailed NIAAA seeking an update on its request. The following day, NIAAA notified Public Citizen that its request was "still under active review," but did not provide a timeline for completion. NIAAA's FOIA coordinator stated that he hoped to "have a clearer idea where things are in the next month or two."

18.  More than 20 working days have passed since NIAAA received Public Citizen's FOIA request, and NIAAA has not made a determination on the substance of the FOIA request, produced all responsive records, or made a decision on the fee waiver request.

19.  Public Citizen has exhausted all administrative remedies with respect to its FOIA request assigned Case No. 47711.

**Office of the Director Request (Case No. 47705)**

20.  On March 28, 2018, Public Citizen submitted a FOIA request to NIH for certain records related to communications between the NIH Office of the Director and members of the alcohol industry. Specifically, the request sought:

> 1)  All correspondence, including but not limited to emails, memoranda, and letters, since January 1, 2013 between the National Institutes of Health (NIH) Office of the Director and any alcohol company or trade organization, including but not limited to the Distilled Spirits Council, Beer Institute, Wine Institute, Anheuser-Busch InBev, Heineken, Diageo, Pernod Ricard, and Carlsberg.

5

2) All records, including but not limited to meeting agendas, attendee lists, and minutes, related to any meetings Since January 1, 2013, involving any NIH Office of the Director staff and any representatives from any alcohol company or trade organization, including but not limited to those named in paragraph (1) above.

3) All correspondence, including but not limited to emails, memoranda, and letters, sent from or to any NIH Office of the Director staff since January 1, 2013 regarding the source of funding for the "Moderate Alcohol and Cardiovascular Health Trial" (cooperative agreement #U10 AA025286), including but not limited to financial donations from any alcohol company or trade organization, including but not limited to those named in paragraph (1) above.

4) All records, including but not limited to meeting agendas, attendee lists, and minutes, related to any meetings since January 1, 2013, involving (a) any NIH Office of the Director staff, and (b) any discussion of the source funding for the "Moderate Alcohol and Cardiovascular Health Trial" (cooperative agreement #U10 AA025286), including but not limited to financial donations from any alcohol company or trade organization, including but not limited to those named in paragraph (1) above.

21. In its FOIA request, Public Citizen sought a full waiver of fees and explained in support that disclosure of the requested information would be in the public interest and not for commercial use.

22. On March 28, 2018, NIH acknowledged Public Citizen's request and assigned it Case No. 47705.

23. In its March 28 acknowledgement, NIH explained that it was categorizing Public Citizen as an "'other' category requester" for fee purposes. It stated that it was not making a determination on Public Citizen's fee waiver request at that time because it was uncertain whether applicable fees would exceed its minimum charge of $25.00.

24. Public Citizen did not receive any further correspondence for seven months. On November 1, 2018, Public Citizen emailed NIH to inquire about the status of its request. Public Citizen did not receive a response.

25.  On December 14, 2018, Public Citizen again emailed NIH and asked about the status of its request. In a response sent that day, NIH notified Public Citizen that it was "actively gathering records for review" to respond to the request.

26.  On March 20, 2019, Public Citizen emailed NIH, asking for an estimated completion date for its request. The following day, NIH notified Public Citizen that the request "yielded voluminous records that are in the queue for review." NIH gave no timeline for additional processing and offered no estimate of when the request would be completed.

27.  More than 20 working days have passed since NIH received Public Citizen's FOIA request, and NIH has not made a determination on the substance of the FOIA request, produced records in response to the request, or made a decision on the fee waiver request.

28.  Public Citizen has exhausted all administrative remedies with respect to its FOIA request assigned Case No. 47705.

**NIH Funding Request (Case No. 48054)**

29.  On June 25, 2018, Public Citizen submitted a FOIA request to NIH for the following records:

> All records — including, but not limited to, emails, letters, memoranda, PowerPoint presentations, travel records, meeting agendas, meeting minutes, and notes of telephone conversations — related to any research project that was conducted, funded, or sponsored by the National Institutes of Health (NIH) since January 1, 2013, and that was supported by funds that originated from any for-profit company or trade group representing for-profit companies (including funds that were initially donated to the Foundation for the National Institutes of Health). The scope of this request includes, but is not limited to, any records related to the solicitation of donations to fund such research projects from any for-profit companies or trade groups representing for-profit companies.

30.  In its FOIA request, Public Citizen sought a full waiver of fees and explained in support that disclosure of the requested information would be in the public interest and not for commercial use.

7

31.   On July 9, 2018, NIH acknowledged Public Citizen's request and assigned it Case No. 48054.

32.   In its July 9 acknowledgement, NIH explained that it was categorizing Public Citizen as an "'other' category requester" for fee purposes. It stated that it was not making a determination about Public Citizen's fee waiver request at that time because it was uncertain whether any applicable fees would exceed its minimum charge of $25.00.

33.   On November 1, 2018, Public Citizen emailed NIH to inquire about the status of its request. Public Citizen did not receive a response.

34.   On December 14, 2018, Public Citizen again emailed NIH and asked about the status of its request. NIH responded that same day, stating that that it was "actively gathering records for review" for request number 48054.

35.   On March 20, 2019, Public Citizen emailed NIH, asking for an estimated completion date for its request. On March 21, 2019, NIH notified Public Citizen that request number 48054 "thus far has not yielded any responsive records, but we continue to search for responsive records." NIH gave no timeline for additional processing and offered no estimate of when the request would be completed.

36.   More than 20 working days have passed since NIH received Public Citizen's FOIA request, and NIH has not made a determination on the substance of the FOIA request, produced records in response to the request, or made a decision on the fee waiver request.

37.   Public Citizen has exhausted all administrative remedies with respect to its FOIA request assigned Case No. 48054.

## FIRST CAUSE OF ACTION

38.   Public Citizen has a right under FOIA to the records requested in its FOIA request assigned Case No. 47711, and to a public interest fee waiver.

39.   There is no legal basis for NIH's failure to disclose the requested records.

## SECOND CAUSE OF ACTION

40.   Public Citizen has a statutory right under FOIA to the records requested in its FOIA request assigned Case No. 47705, and to a public interest fee waiver.

41.   There is no legal basis for NIH's failure to disclose the requested records.

## THIRD CAUSE OF ACTION

42.   Public Citizen has a right under FOIA to the records requested in its FOIA request assigned Case No. 48054, and to a public interest fee waiver.

43.   There is no legal basis for NIH's failure to disclose the requested records.

## PRAYER FOR RELIEF

WHEREFORE, Public Citizen requests that this Court:

(1) Declare that NIH's withholding of the requested records is unlawful;

(2) Order NIH to make the requested records available to Public Citizen at no cost and without delay;

(3) Award Public Citizen its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief as this Court may deem just and proper.


Dated: March 29, 2019                          Respectfully submitted,

                                               /s/ Adina H. Rosenbaum
                                               Adina H. Rosenbaum (D.C. Bar No. 490928)

Micah Bluming (Cal. Bar No. 314273)[*]
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
arosenbaum@citizen.org

---

[*] Active member in good standing of the State Bar of California and the Supreme Court of California, authorized to practice under the direct supervision of Adina Rosenbaum pursuant to D.C. Court of Appeals Rule 49(c)(8) during the pendency of first application to the District of Columbia Bar submitted within 90 days of commencing practice in the District of Columbia.